SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney _____    Initial Debtor: **JJS**_____    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay __389.58 Monthly__ to the Chapter 13 Trustee, starting on ___ for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection      **X NONE**

a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

b. Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Garrett Elias** | **Attorney Fees** | **2,000.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:
  ■ None
  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

**-NONE-**

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ■ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ■ NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan ■ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $___ to be distributed *pro rata*

☐    Not less than ___ percent

■    *Pro Rata* distribution from any remaining funds

E

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases     X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions     X NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

4

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ■ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:  Modification**    ☒ NONE |  |
|---|---|
| **NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.** |  |
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: ____. |  |
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  **July 18, 2022**              **/s/ Joseph James Stravalacci**

                                       Debtor
Date:                                  **Joseph James Stravalacci**
                                       Joint Debtor


Date  **July 18, 2022**                **/s/ Garrett Elias**
                                       **Garrett Elias**
                                       Attorney for the Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**Garrett Elias**
**309 Fellowship Rd.**
**East Gate Center Ste. 200**
**Mt. Laurel, NJ 08054**
**(908)216-2125**
**GElias@recoverylawgroup.com**

In Re:    **Joseph James Stravalacci**

Case No.:

Chapter:    13

Judge:

## DISCLOSURE OF CHAPTER 13 DEBTOR'S ATTORNEY COMPENSATION

1.   Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that I am the attorney for the debtor(s) and that compensation was paid to me within one year before the filed date of the petition, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in connection with this bankruptcy case is as follows:

☑ Under D.N.J. LBR 2016-5(b), I have agreed to accept for all legal services required to confirm a plan, subject to the exclusions listed below, including administrative services that may occur postconfirmation, a flat fee in the amount of $ **3,500.00**. I understand that I must demonstrate that additional services were unforeseeable at the time of the filing of this disclosure if I seek additional compensation and reimbursement of necessary expenses.

Legal services on behalf of the debtor in connection with the following are not included in the flat fee:

Representation of the debtor in:
- adversary proceedings,
- loss mitigation/loan modification efforts,
- post-confirmation filings and matters brought before the Court.

I have received:                                           $ **1,500.00**

The balance due is:                                        $ **2,000.00**

The balance ☑ will ☐ will not be paid through the plan.

☐ Under D.N.J. LBR 2016-5(c), I have agreed to accept for legal services provided on behalf of the debtor in this case, an hourly fee of $ ____. The hourly fee charged by other members of my firm that may provide services to this client range from $ ____ to $ ____. I understand that I must receive the Court's approval of any fees or expenses to be paid to me in this case post petition pursuant to D.N.J. LBR 2016-1.

I have received:                                           $ ____

2.   The source of the funds paid to me was:

☑ Debtor(s)            ☐ Other (specify below)

_____

3.  If a balance is due, the source of future compensation to be paid to me is:

☑ Debtor(s)        ☐ Other (specify below)

_____
_____

4.  I ☐ have or ☑ have not agreed to share compensation with another person(s) unless they are members of my law firm. If I have agreed to share compensation with a person(s) who is not a member of my law firm, a copy of that agreement and a list of the people sharing in the compensation is attached.

5.  (a) The Debtor(s) agree that coverage counsel may appear at hearings on their behalf in lieu of counsel retained by Debtor(s) as needed. If possible, Debtor's counsel will advise Debtor(s) of the use of coverage counsel for any hearings prior to that hearing. Debtor(s) acknowledge that coverage counsel may not be a member of my firm and may or may not be compensated for their appearance.

_____        _____
Debtor(s) Initials      Debtor(s) Initials

(b) The Debtor(s) DO NOT agree that coverage counsel may appear at hearings on their behalf in lieu of counsel retained by Debtor(s) as needed. All appearances related to the Debtor(s) matter will be made by me, the undersigned attorney, or members of my law firm.

_____        _____
Debtor(s) Initials      Debtor(s) Initials

6.  The Debtor(s) have reviewed this Disclosure and it is consistent with the terms of the Retainer Agreement.

Date: _____        **Joseph James Stravalacci**
                                      Debtor

Date: _____        _____
                                      Joint Debtor

Date: _____        **Garrett Elias**
                                      Debtor's Attorney

*rev. 8/1/21*

2